UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MITCHELL BRIAN FORTNER, | ) | CASE NO. 21-80202 |
| | ) | CHAPTER 7 |
| DEBTOR. | ) | |

## **MOTION TO APPROVE SETTLEMENT AND COMPROMISE**

NOW COMES John Paul H. Cournoyer, the Chapter 7 Trustee in the above-captioned bankruptcy case (the "Trustee"), by and through counsel, and pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, hereby requests that the Court enter an order approving a compromise and settlement as follows:

1.      On May 27, 2021 (the "Petition Date"), Mitchell Brian Fortner (the "Debtor") filed a voluntary petition seeking relief under Chapter 7 of the Bankruptcy Code.  The Trustee is the duly appointed Chapter 7 Trustee.

2.      The Court has jurisdiction over this case under 28 U.S.C. § 1334.  Under 28 U.S.C. § 157(a), the United States District Court for the Middle District of North Carolina has referred this case and this proceeding to this Court by its Local Rule 83.11.  This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2).  Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

3.      Prior to the Petition Date, the Debtor and Samantha Fortner ("Samantha"), a married couple, entered into a contract with Braswell Custom Homes Inc. (the "Builder") to purchase certain real property located at 601 Pelzer Drive, Wake Forest, NC 27587 for $752,000.

1

4.      On or about August 21, 2020, the Debtor and Samantha paid a deposit to the Builder in the amount of $70,433.70 towards the purchase price of the home.

5.      The Debtor, Samantha, and the Builder terminated the contract on or about January 27, 2021, and the Builder refunded the amount of $40,433.70.  The Debtor had a 50% interest in this refund, but the entirety of this amount was paid to Samantha.

6.      The Trustee asserts a right to 50% of the amount received by Samantha, and Samantha agrees such amount is owed.

7.      Upon information and belief, the Builder subsequently sold the property to another buyer for more than the contract price with the Debtor and Samantha, and therefore suffered no damages as a result of the termination of the contract.  The Trustee is evaluating a possible claim against the Builder for return of the remaining $30,000 deposit, and agrees that if this amount is recovered, 50% would be property of the Debtor's bankruptcy estate and 50% would be Samantha's property.

8.      Subject to this Court's approval, the Trustee and Samantha have agreed to settle the issues pursuant to the Settlement Agreement attached hereto as Exhibit A and generally summarized as follows:

       a.      Within five business days of the execution of the Settlement Agreement, Samantha shall pay $5,000 to the Trustee, via check payable to "JP Cournoyer, Trustee" and delivered to 1414 Raleigh Road, Suite 435, Chapel Hill, NC 27517.  Samantha shall pay an additional $5,000 on or before October 1, 2021, an additional $5,000 on or before November 1, 2021, and a

final payment of $5,216.85 on or before December 1, 2021. These payments, totaling $20,216.85, are collectively referred to herein as the "Settlement Payments." In the unanticipated event that this settlement is not approved by the Court, the entirety of any amount(s) paid prior to the entry of such order would be refunded to Samantha.

b.      Upon receipt of the Settlement Payments and Court approval of this settlement, the Trustee, on behalf of the Debtor's bankruptcy estate, releases Samantha from any claim or cause of action related to the $40,433.70 refund paid by the Builder.

c.      The Trustee, with the cooperation of Samantha, will use his best efforts to seek a further recovery from the Builder related to the $30,000 portion of the deposit that was not refunded. The parties agree that they will work cooperatively in good faith to pursue any such claim(s) against the Builder. The parties agree that 50% of any recovery from the Builder would be property of the Debtor's bankruptcy estate, and 50% would be Samantha's property. Provided however, Samantha's 50% interest in such recovery would be applied first to satisfy the outstanding balance of the Settlement Payments owed under this settlement, and any excess amount would be paid to Samantha. For the avoidance of doubt, the following example is provided: If Samantha had paid the first two installments of the Settlement Payments, totaling $10,000, and a settlement with the Builder were reached for the refund of $30,000 on October 15, 2021, then $10,216.85 of Samantha's 50%

share in the amount recovered from the Builder would be applied to fully satisfy the balance of the Settlement Payments, and Samantha would receive a distribution of the remaining $4,783.15.

9.      The Trustee believes the above settlement is in the best interests of creditors.

WHEREFORE, the Trustee prays the Court for an order:

1.      Approving the settlement set forth above; and

2.      Granting such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this the 24th day of August 2021.

NORTHEN BLUE, LLP

/s/ John Paul H. Cournoyer
John Paul H. Cournoyer, NCSB #42224
jpc@nbfirm.com
1414 Raleigh Road, Suite 435
Chapel Hill, NC  27517
Telephone No. (919) 968-4441
*Counsel for Chapter 7 Trustee*

## Exhibit A
**Settlement Agreement**

## SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT (the "Agreement"), dated as of August 24, 2021, is made by and between the Bankruptcy Estate of Mitchell B. Fortner, by and through John Paul H. Cournoyer, Chapter 7 Trustee (the "Trustee"), and Samantha Fortner ("Samantha").

WHEREAS, on May 27, 2021 (the "Petition Date"), Mitchell B. Fortner (the "Debtor") filed a voluntary petition seeking relief under chapter 7 of the Bankruptcy Code, and the Trustee was appointed chapter 7 trustee for the Debtor's bankruptcy estate.

WHEREAS, prior to the Petition Date, the Debtor and Samantha, a married couple, entered into a contract with Braswell Custom Homes Inc. (the "Builder"), to purchase certain real property located at 601 Pelzer Dr, Wake Forest, NC 27587, for $752,000.

WHEREAS, on or about August 21, 2020, the Debtor and Samantha paid a deposit to the Builder, in the amount of $70,433.70, towards the purchase price of the home.

WHEREAS, the Debtor, Samantha, and the Builder terminated the contract on or about January 27, 2021, and the Builder refunded the amount of $40,433.70. The Debtor had a 50% interest in this refund, but the entirety of this amount was paid to Samantha.

WHEREAS, the Trustee asserts a right to 50% of the amount received by Samantha, and Samantha agrees such amount is owed.

WHEREAS, upon information and belief, the Builder subsequently sold the property to another buyer for more than the contract price with the Debtor and Samantha, and therefore suffered no damages as a result of the termination of the contract. The Trustee is evaluating a possible claim against the Builder for return of the remaining $30,000 deposit, and agrees that if this amount is recovered, 50% would be property of the Debtor's bankruptcy estate, and 50% would be Samantha's property.

WHEREAS, after discussion and negotiation, the parties agreed, subject to the Bankruptcy Court's approval, to settle the Trustee's claim against Samantha related to  Adversary Proceeding pursuant to the terms outlined below.

NOW, THEREFORE, the Trustee and Samantha hereby agree as follows:

1.      Within 5 business days of the execution of this agreement, Samantha shall pay $5,000 to the Trustee, via check payable to "JP Cournoyer, Trustee" and delivered to 1414 Raleigh Road, Suite 435, Chapel Hill, NC 27517. Samantha shall pay an additional $5,000 on or before October 1, 2021, an additional $5,000 on or before November 1, 2021, and a final payment of $5,216.85 on or before December 1, 2021.  These payments, totaling $20,216.85 are collectively referred to herein as the "Settlement Payments." In the unanticipated event that this Agreement is not approved by the Bankruptcy Court, the entirety of any amount(s) paid prior to the entry of an order approving this settlement would be refunded to Samantha.

2.      Upon receipt of the Settlement Payments and Bankruptcy Court approval of this Agreement, the Trustee, on behalf of the Debtor's bankruptcy estate, releases Samantha from any claim or cause of action related to the $40,433.70 refund paid by the Builder.

3.      The Trustee, with the cooperation of Samantha, will use his best efforts to seek a further recovery from the Builder related to the $30,000 portion of the deposit that was not refunded.  The parties agree that they will work cooperatively in good faith to pursue any such claim(s) against the Builder. The parties agree that 50% of any recovery from the Builder would be property of the Debtor's bankruptcy estate, and 50% would be Samantha's property. Provided however, Samantha's 50% interest in such recovery would be applied first to satisfy the outstanding balance of the Settlement Payments owed under this Agreement, and any excess amount would be paid to Samantha.  For the avoidance of doubt, the following example is provided: If Samantha had paid the first two installments of the Settlement Payments, totaling $10,000, and a settlement with the Builder were reached for the refund of $30,000 on October 15, 2021, then $10,216.85 of Samantha's 50% share in the amount recovered

from the Builder would be applied to fully satisfy the balance of the Settlement Payments, and Samantha would receive a distribution of the remaining $4,783.15.

4.    This Agreement is subject to approval by the Bankruptcy Court.

5.    To the extent not governed by the Bankruptcy Code, this Agreement shall be governed by and construed in accordance with the laws of the State of North Carolina, without giving effect to rules governing the conflict of laws.

6.    This Agreement may be executed in one or more counterparts (whether manually signed or by facsimile or other electronic means), each such counterpart shall be deemed an original, and all such counterparts shall constitute one and the same agreement.

7.    This Agreement may not be amended, changed, modified, altered, or terminated unless the parties hereto agree in writing to such amendment, change, modification, alteration, or termination.

8.    The parties agree that the Bankruptcy Court shall retain the exclusive and sole jurisdiction to resolve any controversy or claim arising out of or relating to this Agreement or the implementation or the breach hereof.  The parties consent to the core jurisdiction of the Bankruptcy Court, to the constitutional authority of the Bankruptcy Court to enter a final judgment, and agree to have waived any right to a jury trial in connection with any disputes related to or arising out of this Agreement.

**IN WITNESS WHEREOF**, the parties have caused their duly authorized officers to execute this Agreement as of the day and year first above written.

**BANKRUPTCY ESTATE OF**
**MITCHELL B. FORTNER**

By: _____
Name: John Paul H. Cournoyer
Title: Trustee

_____

Samantha Fortner

would be applied to fully satisfy the balance of the Settlement Payments, and Samantha would receive a distribution of the remaining $4,783.15.

4.      This Agreement is subject to approval by the Bankruptcy Court.

5.      To the extent not governed by the Bankruptcy Code, this Agreement shall be governed by and construed in accordance with the laws of the State of North Carolina, without giving effect to rules governing the conflict of laws.

6.      This Agreement may be executed in one or more counterparts (whether manually signed or by facsimile or other electronic means), each such counterpart shall be deemed an original, and all such counterparts shall constitute one and the same agreement.

7.      This Agreement may not be amended, changed, modified, altered, or terminated unless the parties hereto agree in writing to such amendment, change, modification, alteration, or termination.

8.      The parties agree that the Bankruptcy Court shall retain the exclusive and sole jurisdiction to resolve any controversy or claim arising out of or relating to this Agreement or the implementation or the breach hereof.  The parties consent to the core jurisdiction of the Bankruptcy Court, to the constitutional authority of the Bankruptcy Court to enter a final judgment, and agree to have waived any right to a jury trial in connection with any disputes related to or arising out of this Agreement.

**IN WITNESS WHEREOF**, the parties have caused their duly authorized officers to execute this Agreement as of the day and year first above written.

**BANKRUPTCY ESTATE OF**
**MITCHELL B. FORTNER**

By:  _____
Name:  John Paul H. Cournoyer
Title:  Trustee

_____
Samantha Fortner

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE:                                    )
                                          )
MITCHELL BRIAN FORTNER,                   )          CASE NO. 21-80202
                                          )          CHAPTER 7
            DEBTOR.                       )

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by automatic ECF notice upon the following on this date:

| William P. Miller | James C. White |
|---|---|
| US Bankruptcy Administrator | Counsel for Debtor |

I hereby certify that a copy of the foregoing was served by United States mail, postage prepaid, on this date as follows:

Samantha Fortner
1011 Frisco Court
Durham, NC  27703

Under penalty of perjury, I declare that the foregoing is true and correct, this the 24th day of August 2021.

NORTHEN BLUE, LLP

 /s/ John Paul H. Cournoyer
John Paul H. Cournoyer, NCSB #42224
jpc@nbfirm.com
1414 Raleigh Road, Suite 435
Chapel Hill, NC  27517
Telephone No. (919) 968-4441
*Counsel for Chapter 7 Trustee*